UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00405-CRS

LLC CONSULTING                                                                                      PLAINTIFFS
and
LESLEY VOWELS

v.

TECHNOLOGY PLUS, et al                                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on four motions to dismiss. Defendants seek a dismissal on several grounds. For the most part, those grounds presume that the plaintiffs' initial filing comprises a complaint. It does not. Instead, the plaintiffs' initial filing consists of no more than a jury demand, an improper one. The plaintiffs seek a single Kentucky state-court jury trial with respect to the following previously-filed matters: (1) several separate, independent lawsuits that were filed in various federal and state courts (2) claims filed with United States Postmaster; (3) "PNC Disputes" and (4) several "State of Kentucky Reports" which are characterized as "reports and filings" sent to various agencies and offices of the Commonwealth of Kentucky. *Id.* at PageID# 10-11. The plaintiffs have not pleaded new allegations or new claims. To the contrary, their filing contains nothing more than a jury demand followed by summaries of those various matters that the plaintiffs previously filed. For these reasons, and others, the filing is frivolous and will be dismissed.

## BACKGROUND AND PROCEDURAL POSTURE

As is evident from their instant filing, the plaintiffs are prolific litigators. At the same time, they have also shown a disregard for court orders. As a result, another judge in this Court permanently enjoined them from proceeding *in forma pauperis* ("IFP") in any action filed in this

Court. *LLC Consulting v. Vowels*, 2024 WL 4800194 at *2 (W.D. Ky. Nov. 15, 2024). As for the instant matter, it began in the Jefferson Circuit Court for Jefferson County, Kentucky. *See* State Court Docket Sheet, DN 1-1. The plaintiffs filed *pro se* and sought IFP status in that state court. *Id.* On behalf of the federal courts listed as defendants, the United States removed this matter to this Court on July 2, 2025. Notice of Removal, DN 1. Shortly after the removal, the defendants began filing motions to dismiss. 07/09/2025 Motion by Technology Plus (DN 7); 07/09/2025 Motion by the Federal Court Defendants (DN 9); 07/14/2025 Motion by the State Court Defendants (DN 11); and 07/14/2025 Motion by the Commonwealth of Kentucky (DN 12). The defendants served the Motions on Vowels at the mailing address she provided to the state court. Two motions were also emailed to Vowels. Neither Vowels nor her LLC (which she purports to represent *pro se*)[1] has responded to the Motions and the time for doing so has passed. Thus, the Motions are ripe for review.

## ANALYSIS

**A. Applicable Standards**

Courts hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this duty "does not require [a court] to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Nor does it require the Court to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). At the same time, a district court may dismiss when a filing is frivolous. A matter is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (district court may dismiss for lack of subject matter jurisdiction when allegations

---

[1] Vowels, a non-attorney, cannot represent her company in court. Instead, the LLC must be represented by an attorney. *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (corporation can only appear in court by attorney); *Pizza Pub of Burnside v. Comm. Dept. of ABC*, 416 S.W.3d 780, 787 (Ky. App. 2013) ("corporations cannot litigate *pro se* in Kentucky."). As the LLC has not responded or appeared in this action, that issue is effectively moot.

"are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.") (citations omitted).

**B. The plaintiffs' filing is frivolous.**

The express language of the plaintiffs' filing and its accompanying civil cover sheet show that it is frivolous. The filing does not constitute a complaint. Instead, it is no more than a jury demand. The plaintiffs seek a single state-court trial over all of the matters summarized in their filing. That the plaintiffs seek this relief is evident from the Civil Case Cover Sheet which states that the plaintiffs are bringing an action for a "Jury Trial by Peer." DN 1-2 at PageID# 8. The cover sheet is followed by a list of previously filed cases, claims and "disputes with PNC Bank." *Id.* at PageID# 10-11. That list is followed by this caption: **"DEMAND FOR TRIAL BY JURY SECTION 7 OF THE KENTUCKY CONSTITUTION AND KRS 29A.270, CR 38.01-38.03."** *Id.* at PageID# 11 (emphasis in original). Below that caption, the filing states:

> ***This filing constitutes a timely jury trial demand,*** submitted within 10 days of the Plaintiffs [sic] most recent pleading dated May 30, 2025. . . . This demand applies to all factual and legal matters raised in the original and related complaints . . . . whether these cases or reports are pending or were improperly dismissed, they remain subject to a jury trial under the law.
>
> . . . These matters must be adjudicated in a single trial that consolidates all such matters, consistent with section 7 of The Kentucky Constitution . . . .
>
> I have included Detailed case summaries, Detailed Case Evidences [sic], and a list of named defendants in separate PDFs.

DN 1-2 at PageID# 11-12 (emphasis added). The plaintiffs' language is clear. Their filing is nothing but a jury demand.

The plaintiffs seek "a single trial" by jury over previously filed matters including matters that have been "dismissed." This is evident not only from the content of the jury demand but also from the fact that it is followed by "**DETAILED CASE SUMMARIES**" which comprise 40

3

pages and describe the other lawsuits and claims to which the jury demand relates. These summaries are followed by a myriad of documents which appear to constitute what the plaintiffs have called "Detailed Case Evidences" [sic]. There is nothing more to the plaintiffs' filing. The document does not plead new causes of action. Thus, it not a complaint that may serve to institute a new lawsuit. It has no proper basis in law for this reason alone and must be dismissed.

A jury demand does not constitute an independent civil action nor can it serve to create one. While litigants are generally entitled to seek a jury trial in connection with a civil lawsuit that has been initiated by a complaint, a jury demand is not a means by which to institute a civil action. *See* FED. R. CIV. P. 38(b) (party may seek jury trial by demand served on other parties to an existing lawsuit); Ky. R. Civ. P. 38.02 (same). Nor can the plaintiffs obtain a state-court jury trial for lawsuits filed in federal court. In this country, we have "two essentially separate legal systems," federal and state, and each "system proceeds independently of the other . . . ." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng.*, 398 U.S. 281, 286 (1970).

Moreover, the plaintiffs cannot now seek a jury trial over cases that have been dismissed and are no longer subject to appellate review. Civil lawsuits are governed by a doctrine often referred to as the final judgment rule. Once a lower court enters a judgment on the merits in a manner where there is nothing left for it to decide, a party may appeal to the next higher court but must do so in a timely manner. With respect to timely appeals, once the higher courts have made decisions that conclude all appeals, a judgment on the merits is final and a judicial proceeding is forever closed. *Mitchell v. Chapman*, 343 F.3d 811, 821–22 (6th Cir. 2003) (decision on merits signifies "death knell" of litigation, permanently foreclosing party from further advancing claim or defense). That is, the dispute is no longer contestable.

Even if the Court were to set aside the fact that the plaintiffs filed no more than a jury demand and treat the filing as if it were a complaint, the Court would dismiss this case as

frivolous. First, several of the parties listed as defendants cannot be sued. The plaintiffs' list includes certain federal and state courts. DN 1-2 at PageID# 9-11. While the plaintiffs may be dissatisfied with the results reached by the judges of those courts or actions performed by court staff, they cannot be sued for their actions in connection with those cases. They are immune from such lawsuits. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) ("judicial immunity is an immunity from suit" and is "not overcome by allegations of bad faith or malice."); *Wojnicz v. Davis*, 80 F. App'x. 382, 383–84 (6th Cir. 2003) (judicial immunity applies to judicial employees performing quasi-judicial duties); *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001) (absolute immunity extends to judges for all judicial acts). The same is true for the Commonwealth of Kentucky. It too is immune from suit. *Puckett v. Lexington-Fayette Urban Cnty. Gv't*, 833 F.3d 590, 598 (6th Cir. 2016) (states possess immunities from lawsuits). Thus, there is no basis in law for suing these defendants.

That conclusion leaves one defendant: Information Consultants, Inc. d/b/a "Technology Plus." Again, as with the other listed defendants, the plaintiffs have not pleaded new causes of action against Technology Plus. Instead, they have summarized a prior lawsuit they filed against Technology Plus. DN 1-2 at PageID# 17-18 (describing *LLC Consulting and Lesley Vowels v. Cheryl Vowels*, Civil Action No. 3:24-cv-00645-RGJ) ("Vowels I"). The court dismissed Vowels I over a year ago. *See* 12/10/2024 Order, filed in Vowels I as DN 11. Vowels appealed. Her appeal was dismissed for want of prosecution. She tried to reopen the case in the district court. That motion was denied by the district court on January 23, 2025. Vowels appealed again. That second appeal was dismissed as untimely. 06/16/0225 Order, filed in Vowels I as DN 27. Vowels I has concluded. The plaintiffs cannot revive it with a jury demand, much less a jury demand for a trial in state court. *Mitchell*, 343 F.3d at 821–22; *Atlantic Coast Line*, 398 U.S. at 286.

5

**C. The defendants' remaining arguments are without merit or need not be addressed.**

Some of the defendants to this action have relied on the Court's having barred the plaintiffs from proceeding IFP in this Court as a ground for dismissal. Motion by Technology Plus, DN 7, at PageID# 135-36; Motion by state-court defendants, DN 11-1 at PageID# 177. Yet, the plaintiffs did not attempt to proceed IFP in this Court. The plaintiffs filed in state court. Certain defendants removed the case to this Court and the remaining defendants consented. Accordingly, the defendants chose to bring the plaintiffs before this Court. Given this procedural posture, there was no violation by the plaintiffs of the Court's prior injunction. For this reason, the arguments for dismissal based on that injunction are without merit.

Next, to the extent that the defendants have raised discrete arguments that are not addressed herein, the Court finds that they need not be addressed. The foundation of those arguments consist of the same two general assertions: (1) this Court lacks subject matter jurisdiction or (2) the plaintiffs' filing fails to plead a claim. The Court's conclusion that the plaintiffs' filing consists of no more than a jury demand is a finding that the plaintiffs have failed to plead a claim against any of the defendants. Similarly, the Court has found that it lacks jurisdiction as to certain defendants because they are immune from suit. Accordingly, there is no need to address any additional or more particular arguments for dismissal by the defendants. The fact that the plaintiffs have waived any opposition the defendants' arguments bolsters this conclusion. *Scott v. State of Tenn.*, 878 F.3d 382, 1989 WL 72470 at *2 (6th Cir. 1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition").

## **CONCLUSION**

A jury demand is not a complaint and cannot serve to initiate a civil lawsuit. The plaintiffs' filing is nothing more than such a demand which is evident from its content. The

plaintiffs have not pleaded new allegations which constitute viable claims against any of the defendants. As a result of these circumstances, the plaintiffs' filing is frivolous, warranting dismissal. Furthermore, as explained, any such attempt by the plaintiff to state claims against many of the defendants would be barred outright. At the same time, the defendants have argued that the Complaint fails to state a claim and that the Court lacks jurisdiction. Those contentions have merit for the reasons previously stated herein. All of these factors warrant dismissal of this action. Accordingly, the Court will enter a separate Order dismissing this case.

March 3, 2026

Charles R. Simpson III, Senior Judge
United States District Court

cc: Counsel of record
Plaintiffs, *pro se*